Dear Mr. Landry:
I am in receipt of your request for an Attorney Generals opinion wherein you ask the following:
 1. Is a school bus driver who owns his own bus and receives a yearly salary from the school considered a full time employee?
 2. If this same bus driver is also employed as a deputy sheriff and receives a yearly salary for the same, is this employment considered full time?
 3. Does the above described employment relationship violate the dual office/employment or any other statutes of the state?
 4. If so, are there any exceptions or other circumstances where a full time bus driver can also serve?
At first glance, the prohibition invoked by your question is found in LSA-R.S. 42:63E of the Dual Office Holding and Dual Employment Law which provides:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
LA-R.S. 42:62(4) (5) define A full-time and A part-time employment as follows:
 (4) Full time means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) Part time means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
In answer to your first question, if the school bus operator-in-question works thirty-five hours or more per week then he should be considered a full-time employee. The same rule applies in answer to your second question. If this individual works thirty-five hours or more as a deputy sheriff then this employment is considered full-time.
In answer to your third question, the above described employment relationship violates the Dual Office Holding and Dual Employment Laws if the person-in-question is employed as a school bus operator and deputy sheriff working thirty-five hours or more a week in each position. Provided this individual is employed in one position full-time and one part-time, there is no violation of these laws.
In answer to your fourth question, if this person's employment as a school bus operator is full-time and his employment as a deputy sheriff is part-time, there is no violation of state law.
In Attorney General Opinion No. 97-41A, our office addressed the issue of whether it is legal for the Plaquemines Parish School Board to give a full-time bus driver a second full-time job with the school board. Our office opined that a full-time bus driver employed by the school board may not legally hold a second position of full-time employment with the school board.
Also, see Attorney General Opinion No. 91-37 for the proposition that a school teacher or school employee can also be employed as a school bus driver by the same school board provided the employment as a school bus driver is less than 35 hours a week.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
b:99-63.op